FILED

2011 May-26  PM 05:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| AMERISURE MUTUAL INSURANCE COMPANY, | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. _____ |
| | * | |
| | * | |
| QBE INSURANCE CORPORATION, | * | |
| and ZURICH AMERICAN INSURANCE | * | |
| COMPANY | * | |

## COMPLAINT

COMES NOW Amerisure Mutual Insurance Company, individually and as subrogee of its insured, Bunge North America, Inc. ("Bunge"), and seeks relief from the Court as follows:

## PARTIES

1.      Plaintiff Amerisure Mutual Insurance Company ("Amerisure") is a corporation organized and existing under the laws of the state of Michigan, with a principal place of business located at 2677 Halsted Road, Farmington Hills, Michigan 48331-3586.  Amerisure does business in the state of Alabama.

2.      Defendant QBE Insurance Corporation ("QBE") is a foreign corporation located in New York, New York doing business in the state of Alabama.

3.      Defendant Zurich American Insurance Company ("Zurich") is a foreign corporation located in Schaumburg, Illinois doing business in the state of Alabama.

## JURISDICTION AND VENUE

4.      The parties to this action have diversity of citizenship and jurisdiction rests in this Court pursuant to 28 USC §1332.

5.     This action arises out of a claim by Plaintiff Amerisure against Defendants QBE and Zurich for an amount exceeding $75,000.00, exclusive of interests and costs, as set forth in the factual background below.

6.     Venue is proper in this District pursuant to 28 USC § 1391, because a substantial part of the events giving rise to the controversy occurred in this federal District, as set forth in the factual background below.

## FACTS COMMON TO ALL CLAIMS

7.     On September 5, 2007, Kim Dodson was injured while working in his scope of employment for Insulation & Refactories Services, Inc. ("IRS").  At the time of his injury, Dodson (the "underlying plaintiff") was working on a conveyor at Bunge North America Inc.'s Oilseed Processing Plant in Decatur, Alabama when his lanyard became entangled in a spinning motor drive shaft.

8.     Dodson filed a lawsuit on May 20, 2008 in the Circuit Court of Morgan County, Alabama CV-2008-900144 against Bunge North America Inc. ("Bunge"), Hubbard & Drake General/Mechanical Contractors, Inc.   ("H&D"), Contractor Service & Fabrication, Inc. ("CS&F"); and Divine Engineering, Inc. asserting a myriad of negligence and wantonness theories against all underlying defendants.

9.     All of the underlying defendants were insured at the time of the underlying plaintiff's September 5, 2007 injury.

10.    Amerisure issued a policy of insurance covering Insulation & Refactories Services, Inc. ("IRS"), under policy no. CPP0261318200006 beginning December 31, 2006 through December 31, 2007.  Bunge was listed as an "additional insured" under this policy.

11.     Upon information and belief, QBE issued a policy of insurance to CS&F effective from June 12, 2007 to June 12, 2008, Policy No. ANM18068-4 and Bunge was an "additional insured" under this policy.

12.     Upon information and belief, Zurich issued a policy of insurance to H&D effective from January 1, 2007 to January 1, 2008, Policy No. GLO 5918120-01 and Bunge was an "additional insured" under this policy.

13.     Eventually, all of the underlying defendants separately settled with the Plaintiff and the entire case was dismissed with prejudice.

14.     Bunge settled with the underlying plaintiff and Amerisure contributed $350,000 to that settlement.

15.     Amerisure additionally paid $457,068.94 in defense costs in defending Bunge in the underlying litigation.

16.     However, QBE and Zurich failed and refused to properly contribute to Bunge's settlement with the underlying plaintiff or to Bunge's defense costs despite Bunge's "additional insured" status under their respective policies.

17.     The Amerisure policy provides:

> We [Amerisure] will pay those sums that the insured [Bunge] becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.

Attached as Exhibit "A.".

18.     Amerisure's policy also provided that if other valid and collectible insurance was available to Bunge for a loss Amerisure covered, Amerisure's obligations would be limited as follows:

3

    c.      Methods of Sharing

>If all of the other insurance permits contribution by equal shares, we will follow this method also.  Under this approach each insurer contributes equal amounts until it has paid its applicable limit of insurance or none of the loss remains, whichever comes first.

>If any of the other insurance does not permit contribution by equal shares, we will contribute by limits.  Under this method, each insurer's share is based on the ratio of its applicable limit of insurance to the total applicable limits of insurance of all insurers.

*Id.* at p. 161.

19.    Amerisure's policy further provides that if Bunge has rights to recover all or part of any payment Amerisure makes under its liability coverage, those rights are transferred to Amerisure.

*Id.* at p. 162.

**COUNT I:**    **CLAIM FOR CONTRIBUTION TO SETTLEMENT OF THE UNDERLYING LAWSUIT**

20.    QBE and Zurich have failed and refused to contribute to Bunge's settlement with the underlying Plaintiff.

21.    Amerisure contributed $350,000 to the underlying settlement.

22.    QBE and Zurich owe Amerisure, at least, an equal or *pro rata* share of the $350,000 paid by Amerisure to settle the underlying claim against Bunge.

**COUNT II:**    **CLAIM FOR CONTRIBUTION TO DEFENSE COSTS OF THE UNDERLYING LAWSUIT**

23.    QBE and Zurich have failed and refused to contribute to Bunge's defense costs incurred in the underlying litigation.

24.    Amerisure has paid all of Bunge's defense costs in the underlying litigation which total $457,068.94.

25.    QBE and Zurich owe Amerisure, at least, an equal or pro rata share of the $457,068.94, paid by Amerisure on behalf of Bunge, to defend the underlying lawsuit against Bunge.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff Amerisure asks this Honorable Court for a judgment declaring that QBE and Zurich owe Amerisure at least an equal or *pro rata* share of the amount paid by Amerisure on behalf of their mutual insured.   Specifically, Amerisure asks for a judgment declaring:

1.      QBE owed a duty to defend and indemnify Bunge in the underlying action.

2.      Zurich owed a duty to defend and indemnify Bunge in the underlying action.

3.      QBE and Zurich owe contribution to Amerisure for the amount it paid on behalf of Bunge to settle and defend the underlying action.

4.      Any and all other relief deemed appropriate by the Court.

Respectfully submitted this the 25th day of May, 2011.

/s/ Kile T. Turner_____
Kile T. Turner, asb-8182-u83k
William H. McKenzie, IV asb-8841-m70m
**Attorneys for Plaintiff Amerisure Mutual Insurance Company**

OF COUNSEL:

NORMAN, WOOD, KENDRICK & TURNER
Financial Center – Suite 1600
505 20th Street North
Birmingham, Alabama  35203
Phone:  (205) 328-6643
Direct Line:  (205) 259-1033
Fax:  (205) 251-5479
Email:  kturner@nwkt.com
        whm@nwkt.com

**ADDRESSES OF ALL PARTIES**

**<u>Plaintiff's Address</u>**

Amerisure Insurance Company
2677 Halsted Road
Farmington Hills, MI  48331-3586

**<u>Defendants' Addresses:</u>**

Zurich American Insurance Company
1400 American Lane
Schaumburg, IL  60196

QBE Insurance Company
c/o Colonial Insurance Agency
2000 Interstate Park Drive, STE 100
Montgomery, AL 36109

F:\KILE\6843-Amerisure v. Zurich\Pleadings\001.Complaint.doc